IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCINE WILLIAMS on Behalf of
LESTER WILLIAMS, a minor,

    Plaintiff,

    v.

UNKNOWN POLICE OFFICERS and the
CITY OF CHICAGO,

    Defendants.

No.

**FILED: JULY 2, 2008**
**08CV3802**
**JUDGE KOCORAS**
**MAGISTRATE JUDGE MASON**

**AEE**

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above-named Defendants, to wit UNKNOWN POLICE OFFICERS, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.    PLAINTIFF is a resident of the State of Illinois and of the United States.

3.    The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein).  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## **FACTS**

5.     On or about December 24, 2007, PLAINTIFF was walking to his house, located at 1338 S. Albany Ave., Chicago, IL 60623.

6.     The DEFENDANT OFFICERS did not observe the PLAINTIFF engaging in any illegal activity, nor did the DEFENDANT OFFICERS have any reasonable suspicion that the PLAINTIFF was engaging in any activity contrary to the law.

7.     The DEFENDANT OFFICERS started chasing the PLAINTIFF.   When the DEFENDANT OFFICERS caught up to the PLAINTIFF, they tackled him on the street. The PLAINTIFF'S head hit the concrete and he suffered injuries of a physical nature.

8.     On December 24, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF.  Specifically, some or all of the DEFENDANT OFFICERS tackled the PLAINTIFF despite the fact that the arrested PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS.   This conduct violated the Fourth Amendment to the United States Constitution.

9.     The DEFENDANT OFFICERS placed the PLAINTIFF under arrest and brought him to the hospital for his injuries.

10.    The DEFENDANT OFFICERS did not charge the PLAINTIFF with any crime resulting from the DEFENDANT OFFICERS' interaction with the PLAINTIFF on said date, or any date thereafter.

11.    On or about December 24, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

12.    The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

13.    The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that the PLAINTIFF had committed criminal activity of any sort.   The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

14.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

15.    On or about December 24, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO.   The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.   This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

16.    Upon information and belief, UNKNOWN POLICE OFFICERS, on December 24, 2007, came into physical contact with PLAINTIFF.

## COUNT I
### §1983 Excessive Force

17.    PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

18.    The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF.   This conduct violates the Fourth Amendment of the United States Constitution.

19.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE,   PLAINTIFF   demands   compensatory   damages   from   the DEFENDANT OFFICERS.   PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS.   PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

20.    PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

21.    The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

22.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE,   PLAINTIFF   demands   compensatory   damages   from   the DEFENDANT OFFICERS.   PLAINTIFF also demands punitive damages, costs and

attorneys' fees against the DEFENDANT OFFICERS.    PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT III**
**False Arrest –State Claim**

23.    PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

24.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

25.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT IV**
**Battery –State Claim**

26.    PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

27.    The DEFENDANT OFFICERS tackled the PLAINTIFF intentionally, without consent and without justification.

28.    The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

29.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

30.    PLAINTIFF re-alleges paragraphs 1 – 29 as though fully set forth herein.

31.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

32.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

33.    PLAINTIFF re-alleges paragraphs 1 – 29 as though fully set forth herein.

34.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

35.    Plaintiff demands trial by jury.


Respectfully submitted,



s/ Rachelle Sorg____
Attorney for the Plaintiff
Rachelle Sorg, Esq.



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076