**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANCINE WILLIAMS on behalf of LESTER WILLIAMS, a minor,<br><br>   Plaintiffs,<br><br>   v.<br><br>OFFICER JOHN O'KEEFE, in his individual capacity; OFFICER CHRISTOPHER JANIA, in his individual capacity; OFFICER ARLETTA KUBIK, in her individual capacity; and the CITY OF CHICAGO,<br><br>   Defendants | Case No. 08 C 3802<br><br>Judge Charles Kocoras<br>Magistrate Judge Michael T. Mason |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COME the PLAINTIFFS, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this First Amended Complaint at Law, state the following against the above-named Defendants, to wit OFFICER JOHN O'KEEFE, OFFICER CHRISTOPHER JANIA, OFFICER ARLETTA KUBIK, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

**JURISDICTION**

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**PARTIES**

2.    PLAINTIFF FRANCINE WILLIAMS is a resident of the State of Illinois and of the United States.

3. PLAINTIFF LESTER WILLIAMS is a resident of the State of Illinois and of the United States.

4. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

5. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## **FACTS**

6. On or about December 24, 2007, LESTER WILLIAMS was walking to his house, located at 1338 S. Albany Ave., Chicago, IL 60623.

7. The DEFENDANT OFFICERS did not observe LESTER WILLIAMS engaging in any illegal activity, nor did the DEFENDANT OFFICERS have any reasonable suspicion that LESTER WILLIAMS was engaging in any activity contrary to the law.

8. The DEFENDANT OFFICERS started chasing LESTER WILLIAMS. When the DEFENDANT OFFICERS caught up to LESTER WILLIAMS, they tackled him onto the ground. LESTER WILLIAMS' head hit the concrete and he suffered injuries of a physical nature.

9. On December 24, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of LESTER WILLIAMS. Specifically, some or all of the DEFENDANT OFFICERS tackled LESTER WILLIAMS despite the fact that LESTER WILLIAMS had not resisted arrest or threatened the DEFENDANT OFFICERS and was

not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

10. The DEFENDANT OFFICERS placed LESTER WILLIAMS under arrest and charged him with possession of cannabis. The DEFENDANT OFFICERS subsequently brought LESTER WILLIAMS to the hospital for his injuries.

11. On or about December 24, 2007, LESTER WILLIAMS did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

12. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to LESTER WILLIAMS.

13. The DEFENDANT OFFICERS arrested, participated in the arrest, and/or failed to prevent the arrest of LESTER WILLIAMS notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that LESTER WILLIAMS had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to LESTER WILLIAMS.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, LESTER WILLIAMS was caused to suffer damages.

15. On or about December 24, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, within the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

3

16. Upon information and belief, DEFENDANT OFFICER JOHN O'KEEFE, on December 24, 2007, came into physical contact with LESTER WILLIAMS.

17. Upon information and belief, DEFENDANT OFFICER CHRISTOPHER JANIA, on December 24, 2007, came into physical contact with LESTER WILLIAMS.

18. Upon information and belief, DEFENDANT OFFICER ARLETTA KUBIK, on December 24, 2007, came into physical contact with LESTER WILLIAMS.

## COUNT I
### §1983 Excessive Force

19. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

20. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto LESTER WILLIAMS. This conduct violates the Fourth Amendment of the United States Constitution.

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, demands compensatory damages from the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

22. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

23. The DEFENDANT OFFICERS arrested LESTER WILLIAMS without probable cause to believe that LESTER WILLIAMS committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

24. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, demands compensatory damages from the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

25. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

26. The DEFENDANT OFFICERS arrested LESTER WILLIAMS without probable cause to believe that LESTER WILLIAMS committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

27. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, demands compensatory damages from the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands

punitive damages and costs against the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery –State Claim

28. PLAINTIFFS re-allege paragraphs 1 – 18 as though fully set forth herein.

29. The DEFENDANT OFFICERS tackled LESTER WILLIAMS intentionally, without consent or justification.

30. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

31. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, demands compensatory damages from the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands punitive damages and costs against the DEFENDANT OFFICERS. FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

32. PLAINTIFFS re-allege paragraphs 1 – 31 as though fully set forth herein.

33. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

34. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and within the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

### COUNT VI
### Supplementary Claim for *Respondeat Superior*

35. PLAINTIFFS re-allege paragraphs 1 – 31 as though fully set forth herein.

36. The aforesaid acts of the DEFENDANT OFFICERS were within the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, FRANCINE WILLIAMS, on behalf of LESTER WILLIAMS, a minor, demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

### JURY DEMAND

37. PLAINTIFFS demand trial by jury.

Respectfully submitted,

s/ Rachelle M. Sorg
Attorney for the Plaintiffs

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

8